McFarland, J.,
delivered tbe opinion of tbe court:
This was an agreed case to test tbe right of tbe city of Memphis to assess a tax in tbe nature of a privilege tax, *464 upon certain foreign insurance agencies, and doing business in Memphis.
The legislature passed an act on the 24th. March, 1875 [Acts 1875, ch. 109], entitled, “an act to regulate the business of fire and all other, except life, insurance companies.” The 8th section enacts that, “each any every company organized for any of the purposes named in this act not incorporated by or organized under the laws of this state, shall, on the 30th of June and December, in each year, report, under oath of the president and secretary or other chief officer of such company, the total amount of premiums received from policies issued in this state within the six months next preceding or since the last returns of such premiums were made by such company, and shall at the same time pay into the treasury of this state the sum of two dollars and fifty cents upon each one hundred dollars of said premiums so ascertained, which shall be in lieu of all other taxes,” etc.
The question as to whether the last clause quoted precludes the city of Memphis from imposing the present tax for corporation purposes. In the case of the city of Memphis against Hernando Insurance Company, and other companies [6 Bax., 527], this court held that similar language in the charter of the several companies would preclude the city from imposing any other license tax on the companies. The only difference is, that in the present case the; act in question is not a part of the defendant’s charter. The act is therefore repealable at the will of the legislature [See Home Insurance Co. v. Taxing District, 4 Lea, 644; Memphis v. Carrington, 7 Pickle, 515], and in this respect the case is different from the one referred to. It is clear, however, that the city imposes its tax under the power conferred by the legislature, and cannot impose a tax where the legislature has denied the right. So the simple question is what was meant by the above clause? It is argued by the city that it was-only meant that the tax imposed by *465 tbe above act should be in lien of all other taxes'to be imposed for state purposes, leaving the counties and cities to impose additional taxes for county and city purposes, whenever said companies sought to do business within the limits of any city or county. This argument is plausible, and gains strength from the rule, that such exemptions axe to be construed most strongly against the parties claiming the exemption. But it is difficult to conceive why, if the above-language in a charter is to be construed as meaning that no further license tax shall be imposed by a city, the same language in the act shall not have the same meaning. The latter law, unlike the charter, may be repealed, but while in force its meaning as to the extent of the exemption from further taxation, it seems manifest, must be the same. We express no opinion as to the right of the city to impose a property tax upon any property the companies- might acquire or own within the city. Such seems to have been the case referred to- in 17 Grattan, where the ruling of the court sustains the views of the city attorney.
In this view, the decree of the chancellor denying the power of the city to impose the tax is correct, and must be affirmed, with costs.